UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-10304-LTS |
| | ) | |
| JALONNI SHABAZZ, | ) | |
| Defendant. | ) | |

### **GOVERNMENT'S SENTENCING MEMORANDUM**

On March 28, 2017, Jalonni Shabazz aka Jalonni Tucker ("Shabazz") pled guilty to a two-count indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a).

The Pre-Sentence Report ("PSR"), prepared by the United States Probation Office, dated July 11, 2017, concluded that Shabazz's total offense level was 21 and his criminal history level is VI.  Based on this analysis, Shabazz's guideline imprisonment range is 77 to 96 months' imprisonment [PSR ¶ 96]. For the reasons stated herein, the government believes that a sentence of 77 months' imprisonment, the low end of the guideline range, is an appropriate disposition in this matter. The government also requests that upon completion of the sentence imposed that Shabazz be placed on supervised release for a period of three years, that this Court order restitution in the amount of $4,253, and that Shabazz be ordered to pay a special assessment of $200.

A sentence of 77 months' imprisonment is merited in this case as it fairly takes into account the facts of this case,

Shabazz's violent criminal history, and Shabazz's refusal to conform his behavior to acceptable societal norms.

## I. FACTS

The facts as stated in the PSR are uncontested.  On June 21, 2016, Shabazz robbed a branch of the TD Bank in Framingham.  On July 13, 2016, Shabazz robbed a branch of the citizens Bank in Framingham.  Shabazz was identified as the robber of these two banks and was later arrested on July 15, 2016.

## II. GUIDELINE ANALYSIS

### A. OFFENSE LEVEL/CRIMINAL HISTORY COMPUTATIONS

The government agrees with Probation's determination that Shabazz's total offense level, with acceptance of responsibility is 21 [PSR¶ 49].  The government agrees with Probation's determination that Shabazz's criminal history score is 14, which places him in criminal history category VI.

## III. ARGUMENT

18 U.S.C. §3553 (a) requires a sentencing court to consider specific enumerated factors when determining an appropriate sentence.  These factors include: 1) "the nature and circumstances of the offense and the history and characteristics of the defendant" and 2) the need for a sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public

from further crimes of the defendant, and to provide for the needs of the defendant.

Shabazz is a violent individual with a troubled criminal past as evidenced by his criminal record. Shabazz has been convicted on multiple occasions with many convictions involving violent criminal conduct as outlined in the PSR. Shabazz began his criminal career at the age of 18 and has shown no signs of stopping. He displays an absolute disregard for the law and societal norms. The only time Shabazz does not commit crimes is when he is incarcerated. Shabazz has demonstrated an inability to become a law-abiding member of society and the government must acknowledge that.

**A. DEFENDANT IS A VIOLENT CRIMINAL**

As evidenced by his criminal record, Shabazz has been unable and unwilling to refrain from criminal behavior for the majority of his adult life. Shabazz has been convicted on multiple occasions with many convictions involving violent criminal conduct as outlined in the PSR, to wit:

**PSR ¶ 53:** In 2001 Shabazz, age 18, was convicted of ABDW and received a sentence of probation.

**PSR ¶ 54:** In 2002 Shabazz, age 19, was convicted foir possession of Class D. Shabazz received a sentence of probation.

3

**PSR ¶ 55:** In 2006 Shabazz, age 24, was convicted of larceny from a person.  Shabazz was originally charged with armed robbery.  Shabazz was sentenced to 6 months' imprisonment.  Shabazz's probation was later revoked and Shabazz was committed for an additional period of 12 months' imprisonment.

**PSR ¶ 56:** In 2006 Shabazz, age 24, was convicted of larceny and uttering a false checks.  Shabazz was sentenced to 12 months' imprisonment.

**PSR ¶ 57:** In 2007 Shabazz, age 24, was convicted for armed bank robbery.  Shabazz was sentenced to a term of imprisonment of 2-5 years.

**PSR ¶ 58:** In 2009, Shabazz, age 27, was convicted of A/B.  Shabazz was sentenced to 30 days' imprisonment

**PSR ¶ 59:** In 2013 Shabazz, age 30, was convicted of unarmed robbery and witness intimidation.  Shabazz was sentenced to 4 years' imprisonment.  Because of these instant offenses, Shabazz's probation was later violated and he received a sentence of 2-4 years imprisonment.

These offenses are dangerous in nature and demonstrate a disregard for not only the victims, but society at large.

   B. SHBAZZ'S REFUSAL TO REHABILITATE

Shabazz has not demonstrated any attempts to rehabilitate himself or alter his behavior.  He has a vast criminal history and it is clear that periods of incarceration have not deterred

him from more criminal activity.  At the age of 24, Shabazz was sentenced to 6 months' imprisonment for larceny from a person.  While on probation for that offense, he was convicted yet again of larceny.  His probation was revoked and he was committed for an additional period of 12 months' imprisonment.  Less than one year later, he received a sentence of 2-5 years imprisonment for armed bank robbery.  Since then, his criminal career has continued.  He has continuously proved that when he is not incarcerated, he will continue to reoffend.

   Shabazz's record does not show an inclination towards rehabilitation.  His PSR indicates a lifelong substance abuse problem, but it does not show that he has made any success or progress when afforded treatment.  Throughout his extended periods of incarceration, countless opportunities have been available in terms of education and mental health and or drug rehabilitation programs.  It is apparent by these recent events that he has not taken advantage of these opportunities that were afforded to him.  Despite being married and having structured and supportive people in his life, Shabazz has continued to reoffend and engage in destructive criminal behavior.  Shabazz has refused to conform his behavior despite chances he has had and has not demonstrated any desire to become a better member of society.

**C. THE INSTANT OFFENSES**

Bank robbery is an extremely violent crime that involves careful planning and a complete disregard for the victim tellers, bank customers, and the bank itself.

In both robberies, Shabazz entered the bank with a note, demanded money, and proceeded to drive away in a getaway car. Shabazz's use of the note, getaway car, and the demand that there be no dye packs or GPS reflect his knowledge and planning of the bank robbery.  These robberies were not isolated, nor were they random.  Both were deliberately thought out and calculated events.

Shabazz stole a total of $4,253 from these banks. Additionally, Shabazz is responsible for the incredible fear and trauma that the tellers and bank customers faced during these robberies.  Alongside the monetary loss that the bank suffered, the individuals who witnessed Shabazz's forceful acts will suffer greatly from this traumatic experience.  The proximity of these two events demonstrate that Shabazz has no remorse for his behavior, and would likely continue had be not been arrested.

**IV.  <u>CONCLUSION</u>**

The government has undertaken an exhaustive review of Shabazz's criminal history, has reviewed the information contained in the Pre Sentence Report, and has spoken with law enforcement and the victims in the instant offenses in

6

formulating its recommendation.  Balancing all of this information and taking into consideration all of the factors enumerated in 18 U.S.C. § 3553, the government believes that a sentence of 77 months' imprisonment, the low end of the advisory guideline range, is the appropriate sentence in this matter.  It is a severe sanction but one which is justified.  Shabazz's continual refusal to conform his behavior to acceptable societal norms can no longer be tolerated.

                            Respectfully submitted,

                            WILLIAM D. WEINREB
                            Acting United States Attorneys

By:  ***/s/ Kenneth G. Shine***
      KENNETH G. SHINE
      Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                            ***/s/ Kenneth G. Shine***
                            KENNETH G. SHINE
                            Assistant U.S. Attorney